**Julio Cesar HARO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–10–00877–CR, 01–10–00878–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 29, 2011.

Discretionary Review Refused
July 25, 2012.

Winifred Akins 'Windi' Pastorini, Houston, for Appellant.

Alan Curry, Chief Prosecutor Appellate Division, Harris County Dist. Atty's Office, Bridget Holloway, Asst. Dist. Atty., Harris County, Houston, for State.

Panel consists of Chief Justice RADACK and Justices BLAND and HUDDLE.

## OPINION

JANE BLAND, Justice.

A Harris County grand jury handed down two indictments, both charging Julio Cesar Haro with aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021 (West 2011). The jury found him guilty of both charges and assessed his punishment at 25 years' confinement for each offense. On appeal, Haro contends that the trial court committed reversible error during voir dire in its explanation of the beyond-a-reasonable-doubt standard of proof, and that his trial counsel rendered ineffective assistance in failing to object to that explanation. We hold that, while Haro failed to preserve his objection to the trial court's explanation of reasonable doubt, the trial court did not commit fundamental error, and trial counsel's failure to object during that voir dire explanation does not satisfy the *Strickland v. Washington* test for showing ineffective assistance. 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). We therefore affirm.

## Background

Haro's issues on appeal both concern the trial court's explanation of "reasonable doubt" during voir dire:

Now, I mentioned beyond a reasonable doubt a while ago, and that's the standard of proof we employ here in the criminal courts. Some of you have been on civil juries before; the standard there is different. Instead of going through a civic lesson on every standard of proof, let's just deal with the one that we're going to be dealing with and that's beyond a reasonable doubt.

Now, when I first started coming down here to the courthouse back in 1982, . . . we had no definition for reasonable doubt . . . and we told jurors . . . that reasonable doubt is what the individual juror believes it to be. Well, we rocked along just fine that way.

And then the Court .... of Criminal Appeals decided no, we do have a definition for beyond a reasonable doubt and here it is. And so we [used] that definition for several years.... Well, they got to looking at it again and said, you know what, I think we had it right the first time. So, we are back to beyond a reasonable doubt being what the individual jurors believe[ ] it to be. It's not beyond all possible doubt, and the Charge will tell you that, it's beyond a reasonable doubt. So, I can't give you a definition. I can give you some suggestions, kind of get you thinking about it and really tell you what some folks on juries before have told me they thought beyond a reasonable doubt meant to them. But ultimately, you, individually, g[e]t to decide what beyond a reasonable doubt means to you. I've heard people say that it is an intellectual exercise based on reason, common sense and logic. I've heard people say it's something you know in your heart. You listen to everything. You weigh it all. You determine what you believe based on your experience, and you filter it through the law the Court gives you.

I've heard other people say it's something you know in your gut, after considering everything brought to you, looking and seeing what's credible, what's not, who has reason to fabricate, who does not. It's just something that you feel in your gut after listening to everything clearly. Folks, I would submit to you that it's probably a little bit of all three; but you have to make that decision.

So, I've got two questions for you along these lines. First of all, knowing yourself like no one else knows you, can you determine what beyond a reasonable doubt means to you? Can you do that? Anyone who cannot? All right. And will you hold the State to that burden as to each and every element of the offense

charged as the law says you must? Can you do that? All right. Anyone who cannot? Fair enough.

After the close of evidence, the trial court charged the jury that:

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt: it is required that the prosecution's proof excludes all reasonable doubt concerning the defendant's guilt.

## Discussion

### I. The Trial Court's Voir Dire Comments

■ Haro contends that the trial court's comments amount to fundamental error because (1) they conditioned the jury to believe that the beyond-a-reasonable-doubt standard was whatever they thought, (2) they diminished the standard by failing to distinguish it from lesser burdens of proof, and (3) the trial court's explanation leaves the impression that the jury "could have relied on nothing more than a 'gut feeling'" in deciding whether he was guilty.

Haro concedes that trial counsel did not timely object to these comments. *See* Tex. R.App. P. 33.1(a). As a general rule, trial counsel must object to preserve error, even if it is "incurable" or "constitutional." *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex. Crim.App.1996).

According to Haro, the error in the trial court's statements falls within the bounds of Texas Rule of Evidence 103(d), which authorizes appellate courts to take notice of fundamental errors affecting substantial rights even though they were not brought to the attention of the trial court. Tex.R. Evid. 103(d). The Court of Criminal Appeals has not definitively resolved "whether and when a trial court's comments constitute fundamental constitutional due process error that may be reviewed in the absence of a proper objection." *McLean v. State,* 312 S.W.3d 912, 916 (Tex.App.-Houston [1st Dist.] 2010, no pet.) (reflecting on plurality opinion in *Blue v. State,* 41 S.W.3d 129 (Tex.Crim. App.2000)); *see also Jasper v. State,* 61 S.W.3d 413, 421 (Tex.Crim.App.2001) (same). We review the trial court's statements for fundamental error, assuming that the comments here are appropriate for such a review.

■ We conclude that Haro has not shown fundamental error on this record. Haro relies on *Wansing v. Hargett,* a federal habeas corpus case, to support his contention that the trial judge's statements were fundamental error. 341 F.3d 1207, 1214 (10th Cir.2003). In *Wansing,* the trial court's comments regarding the meaning of reasonable doubt "implied that there [wa]s an extraordinarily broad range of possible meanings, including some which are plainly unconstitutional, and informed the jurors that they had to resolve the definitional issue for themselves, in the 'individuality' of their own 'conscience and reason.'" *Id.* Under Texas law, however—unlike the Oklahoma law at issue in *Wansing*—each individual juror decides the amount of proof required to meet the threshold of beyond a reasonable doubt. *Murphy v. State,* 112 S.W.3d 592, 597 (Tex.Crim.App.2003); *accord McKnight v. State,* No. 01–09–00852–CR, 2011 WL 2923856, at *8 (Tex.App.-Houston [1st Dist.] July 21, 2011, no pet.) (mem. op., not designated for publication) (distinguishing *Wansing* and holding that trial court did not commit fundamental error in explaining, "There is no definition for beyond a reasonable doubt. You have to ask yourself what you think a reasonable doubt is."); *Meadows v. State,* No. 01–09–00443–CR, 2010 WL 2874199, at *6 (Tex.App.-Houston [1st Dist.] July 22, 2010, pet. ref'd) (mem. op., not designated for publication) (distinguishing *Wansing* and holding that trial court did not commit fundamental error in stating that reasonable doubt was "whatever it means" to each juror, "kind of like obscenity, you know it when you see it" because statement did not convey opinion as to defendant's guilt or innocence); *Garza v. State,* 01–08–00529–CR, 2010 WL 1241050 (Tex.App.-Houston [1st Dist.] Mar. 25, 2010, pet. ref'd) (mem. op., not designated for publication) (distinguishing *Wansing* and holding that trial court did not commit fundamental error in stating that it is up to each individual juror to decide when she is convinced beyond a reasonable doubt as to each element of offense); *see also Copeland v. State,* No. 14–07–00475–CR, 2008 WL 4735199, at *2 (Tex.App.-Houston [14th Dist.] Oct. 30, 2008, pet. ref'd) (mem. op., not designated for publication) (distinguishing *Wansing* and holding that trial court did not abuse its discretion by overruling the appellant's objection to prosecutor's statement that reasonable doubt is

"whatever it means to you").[1] The trial court's comments therefore did not deviate from the applicable law to the extent that the comments at issue in *Wansing* did. Moreover, Haro has not pointed out any particular comment as constitutionally infirm.

The plurality in *Blue v. State* found fundamental error of constitutional dimension and required no objection where the trial judge had expressed his personal view regarding appellant's guilt and decision to go to trial. 41 S.W.3d 129, 132 (Tex.Crim. App.2000). The trial court's comments in this case, in contrast to those in *Blue*, did not taint the presumption of innocence owed to the defendant or apply the beyond-a-reasonable-doubt standard of proof to the cause before it. We hold that Haro waived error by failing to object to the trial court's comments on reasonable doubt because the trial court's comments do not rise to the level of fundamental error. *See* Tex.R.App. P. 33.1; *see also Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex.Crim. App.2006) (stating that court did not need to decide whether objection was required to preserve alleged error regarding comments of trial judge where record did not reflect bias or partiality of trial court); *Jasper*, 61 S.W.3d at 421 (holding that trial judge's comments "aimed at clearing up a point of confusion" did not "[rise] to such a level as to bear on the presumption of innocence"); *Fuentes v. State*, 991 S.W.2d 267, 273 (Tex.Crim.App.1999) (holding that appellant waived complaint about trial court's explanation of reasonable-doubt standard during voir dire by failing to renew objection when trial court repeated explanation); *Moore v. State*, 907 S.W.2d 918, 923 (Tex.App.-Houston [1st Dist.] 1995, pet. ref'd) (holding that appellant waived complaint about trial court's com-

ment during voir dire about weight of evidence).

## II. Ineffective Assistance of Trial Counsel

### A. Standard of review

To prevail on a claim of ineffective assistance of counsel, the defendant must show that trial counsel's performance was deficient and a reasonable probability exists that the result of the proceeding otherwise would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 693, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984). The first prong of the *Strickland* test requires that the defendant show that counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim. App.1999). Thus, the defendant must prove objectively, by a preponderance of the evidence, that trial counsel's representation fell below professional standards. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim.App.2002). Because the reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. The second prong requires that the defendant show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694, 104 S.Ct. at 2068; *Thompson*, 9 S.W.3d at 812.

Any allegation of ineffectiveness must be firmly founded in the record, which must demonstrate affirmatively the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813 (citing *McFarland v. State*, 928 S.W.2d

---

1. We publish this opinion because the author-ity on this issue is mainly unpublished.

482, 500 (Tex.Crim.App.1996)). We will not speculate to find trial counsel ineffective when the record is silent on counsel's reasoning or strategy. *See Robinson v. State,* 16 S.W.3d 808, 813 n. 7 (Tex.Crim. App.2000). In rare cases, however, the record can be sufficient to prove that counsel's performance was deficient, despite the absence of affirmative evidence of counsel's reasoning or strategy. *Id.*

### B. Analysis

 No direct evidence in the record establishes a reason that Haro's trial attorney did not object to the trial court's statements concerning reasonable doubt. Without record evidence of counsel's motives, we presume that counsel had a plausible reason for his actions. *Thompson,* 9 S.W.3d at 814.

 We also conclude that Haro has not met the second prong for establishing ineffective assistance of counsel. The jury charge, which Haro does not challenge on appeal, instructs the jury on the beyond-a-reasonable-doubt burden of proof. Absent evidence to the contrary, a jury is presumed to follow the instructions set forth in the court's charge. *Paita v. State,* 125 S.W.3d 708, 715 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd) (citing *Hutch v. State,* 922 S.W.2d 166, 170 (Tex.Crim.App. 1996)). Haro does not challenge the sufficiency of the evidence supporting his convictions. Haro thus has not shown that, but for the conduct he claims was ineffective, the result of the proceeding would not likely have been different. We hold that Haro has failed to meet either prong of *Strickland.*

### Conclusion

We hold that Haro waived his contention that the trial court erred in explaining the beyond-a-reasonable-doubt standard of proof to the jury panel and its comments were not fundamental error in this case. We further hold that Haro failed to meet his *Strickland* burden to show that he received ineffective assistance of counsel at trial. We therefore affirm the judgment of the trial court.