**Opinion issued July 18, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00935-CR

————————————

**JAMES CONNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 12**
**Harris County, Texas**
**Trial Court Case No. 1722189**

---

## MEMORANDUM OPINION

A jury convicted appellant James Conner of burglary of a motor vehicle, and the trial court sentenced him to 250 days in jail. *See* TEX. PENAL CODE ANN. § 30.04 (West 2011). Conner appeals, arguing that he was deprived of due process

when the prosecutor referred to him as a "thug." He also argues that he had ineffective assistance of counsel because his lawyer failed to preserve error with respect to that characterization. We affirm.

## Background

After spending the evening shopping at the Galleria Mall, Olivia Caldwell, her boyfriend Christopher Cain, her brother Christian Caldwell, and Christian's girlfriend saw two men standing around the trunk of their car after hearing a car trunk slam. When Olivia pressed the alarm button for the car, the two men walked to a different car parked a few feet away, a blue Chevrolet Lumina. Olivia and Cain saw that several of their group's belongings were missing from the interior and trunk of the car, including a set of car keys, Olivia's purse, two iPods, a camera, and a navigation device. Olivia called the police, and she then saw the two men leaving in the blue Lumina. Olivia's group decided to follow the men in the Lumina.

They followed the two men from the Galleria area along several highways and into downtown Houston. While on the highway, they saw the two men throwing items out the car, including Olivia's black purse. After the men entered the downtown area, they passed a police substation and were soon pulled over by a police officer. Appellant James Conner was the driver of the blue Lumina. Conner consented to a search of the car, and the police officer found an iPod

2

charger, a navigation device, multiple watches, a wallet with money, and a camera belonging to Olivia and her friends. Conner claimed to own the money in the wallet but not any of the other property.

Conner was indicted for burglary of a motor vehicle. During voir dire, the prosecutor referred to someone who burglarizes a motor vehicle as a thug:

> PROSECUTOR: So, certainly not a victimless crime because you have access—the thugs have access to all of that personal information; am I correct?

The prosecutor later referred to Conner as a thug several more times, including during opening statement:

> PROSECUTOR: And you will hear that when the officers pulled these two thugs over-
>
> DEFENSE COUNSEL: Judge, we object to them characterizing my client as a thug.
>
> COURT: Sustained. Rephrase that.
>
> PROSECUTOR: They had nothing to do with anything . . .

And then again during closing arguments:

> PROSECUTOR: It's nonsense, and it's nonsense because you have common sense. I don't have to prove to you how this thug and his partner broke into-
>
> DEFENSE COUNSEL: We object to that, Judge, calling my client a thug.
>
> COURT: Rephrase it.
>
> PROSECUTOR: Yes, Judge. I don't have to-

DEFENSE COUNSEL: She did that yesterday, Judge.

COURT: Pardon?

DEFENSE COUNSEL: She did that yesterday. We objected to the same thing.

THE COURT: I sustained your objection.

PROSECUTOR: I don't have to prove to you how these people broke into their vehicle. . . .

. . . .

PROSECUTOR: Now, I'm no magician and it does not take common sense to know that if you're tossing items out of the vehicle, you couple that with you see these two thugs slam the vehicle down, you couple that with the fact that-

DEFENSE COUNSEL: Judge, she called them thugs again. We object to that.

COURT: Use another word.

PROSECUTOR: These two-

DEFENSE COUNSEL: Individuals, people, they're not thugs.

COURT: You can't supply her words.

PROSECUTOR: These two citizens-

DEFENSE COUNSEL: Thank you.

The jury convicted Conner, and the trial court assessed his punishment as 250 days in county jail.

Conner then filed this timely appeal. His complaints on appeal solely concern the prosecutor's characterization of him as a "thug."

4

**Analysis**

## I.    Waiver of objections

Although Conner concedes that his attorney did not properly preserve his complaint, he argues that that the prosecutor's conduct in repeatedly calling him a "thug" was so egregious as to excuse the failure to preserve error. He contends that the comments inflamed the jury, depriving him of the constitutional right to a fair and impartial trial.

The essential requirement to preserve error for improper jury arguments is a timely, specific request that is refused by the trial court. *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *see also* TEX. R. APP. P. 33.1. "[A] defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal." *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *see also Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) (holding failure to object to an allegedly "manifestly improper" jury argument forfeits the right to raise the issue on appeal, reaffirming *Cockrell*); *Alfaro v. State*, 224 S.W.3d 426, 434 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Even if a prosecutor's statement is so inflammatory and prejudicial that it cannot be cured by an instruction to disregard, the defendant is required to object and request a mistrial. *Mathis v. State*, 67 S.W.3d 918, 926–27 (Tex. Crim. App. 2002) (holding an adverse ruling is required to preserve error when

prosecutor called the defendant a "despicable piece of human trash" in closing argument).

While some fundamental, absolute rights cannot be waived for failure to preserve an objection, improper jury argument does not fall into that category. *See Ladd v. State*, 3 S.W.3d 547, 569–70 (Tex. Crim. App. 1999) (holding complaint about State's argument violating defendant's right to due process was waived for failure to object); *Haro v. State*, 371 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (noting rule that, even for "incurable" or "constitutional" error, trial counsel must object to preserve error).

Conner's trial attorney failed to preserve his complaint concerning the State's characterization of him as a thug. When the prosecutor described car burglars as thugs during jury selection, his attorney did not object. Each time the prosecutor referred specifically to Conner as a thug during opening and closing statements, defense counsel objected and obtained a favorable ruling from the trial court. The objections were never pursued to the point of obtaining an adverse ruling, such as a denial of a requested instruction that the jury disregard the reference or a motion for mistrial. Accordingly, Conner has waived his complaint on appeal.

## II.     Ineffective assistance of counsel

In his remaining issue, Conner argues that his trial counsel's failure to preserve error relating to the prosecutor calling him a thug amounted to ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence that (1) his trial counsel made errors so serious that counsel was not functioning as counsel under the Constitution and (2) a reasonable probability exists that, but for trial counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Under the first prong, we indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that the challenged act might be considered sound trial strategy. *Ex parte Martinez*, 330 S.W.3d 891, 900 (Tex. Crim. App. 2011) (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052). "Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Instead, counsel's performance is judged by the totality of the representation. *Id.* Under the second prong, it is insufficient for an appellant to show that the

challenged errors had some conceivable effect on the outcome of the trial; instead, he must show that there is a reasonable probability that the factfinder would have had a reasonable doubt respecting guilt absent the errors. *Martinez*, 330 S.W.3d at 901 (quoting *Strickland*, 466 U.S. at 693, 104 S. Ct. 2052).

"To successfully assert that trial counsel's failure to object amounted to ineffective assistance, the [appellant] must show that the trial judge would have committed error in overruling such an objection." *Id.* "The failure to object to argument that is not improper does not constitute ineffective assistance of counsel." *Thomas v. State*, No. 01-11-00631-CR, 2013 WL 652719, at *9 (Tex. App.—Houston [1st Dist.] Feb. 21, 2013, pet. ref'd) (quoting *Davis v. State*, 830 S.W.2d 762, 766 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd)). Therefore, the failure to preserve error with respect to a successful objection would likewise not constitute ineffective assistance if the argument were not improper.

It is well settled that a prosecutor may argue her opinion as long as the opinion is based on the evidence in the record and does not constitute unsworn testimony. *McKay v. State*, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985); *Gonzalez v. State*, 337 S.W.3d 473, 483 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Counsel is afforded wide latitude in drawing inferences from the evidence so long as the inferences drawn are reasonable and offered in good faith. *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997); *Gaddis v. State*, 753 S.W.2d 396,

8

398 (Tex. Crim. App. 1988). Conner does not actually argue that the characterization of him as a "thug" was not a reasonable inference from the evidence; he only argues that the word itself is one which served no purpose other than to inflame the jury. However, "Texas courts have upheld arguments calling a defendant an animal, a fool, vicious, a liar, a dog, a cold-blooded killer, a jerk, a troublemaker, and a one-man crime wave and contending that a defendant 'has no conscience, no heart, no recognition of right or wrong [and is] perched on the rim of hell, looking deep into it.'" *Kennedy v. State*, 193 S.W.3d 645, 657 (Tex. App.—Fort Worth 2006, pet. ref'd) (footnotes omitted); *accord United States v. Fields*, 483 F.3d 313, 360 (5th Cir. 2007) ("use of colorful perjoratives is not improper"). Given these authorities, we conclude that after securing favorable rulings sustaining objections to the prosecutor's use of the word "thug," the decisions not to further pursue that issue to the point of asking the judge for jury instructions to disregard the reference or for a mistrial do not constitute deficient performance such that Conner was effectively denied the assistance of counsel.

## Conclusion

We affirm the judgment of the trial court.


                     Michael Massengale
                     Justice

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

Do not publish.  TEX. R. APP. P. 47.2(b).