In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00577-CR
_____

SETH EVERETT NILES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 5
Montgomery County, Texas
Trial Cause No. 10-263190

MEMORANDUM OPINION

Claiming the prosecutor improperly introduced evidence that his driver's license was suspended during his trial for driving while intoxicated, Seth Everett Niles appeals the jury's verdict and contends he should receive a new trial. *See* Tex. Penal Code Ann. § 49.04(b) (West Supp. 2012).[1] We affirm the trial court's judgment.

_____

[1]We cite to the current version of the statute, as the amendments to the section are not pertinent to the appeal.

1

In three issues, Niles complains the prosecutor improperly exposed the jury to evidence that he was driving while his license was suspended. According to Niles, the fact that his license had been suspended was not admissible to prove that he was driving while intoxicated. The State argues Niles failed to raise a claim of prosecutorial misconduct at trial, and it concludes that his complaints alleging prosecutorial misconduct were not preserved for our review on appeal.

To preserve error complaining of prosecutorial misconduct, the appellant's objection or motion must alert the trial court that it is being asked to make a judgment regarding a claim of prosecutorial misconduct. *See Hajjar v. State*, 176 S.W.3d 554, 566 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (explaining that a failure to object on a claim of prosecutorial misconduct waives alleged complaints including complaints about the introduction of evidence during trial). Preserving a complaint of prosecutorial misconduct requires that defense counsel "(1) object on specific grounds, (2) request an instruction that the jury disregard the comment, and (3) move for a mistrial." *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995); *see also* Tex. R. App. P. 33.1 (explaining that error preservation requires the complaining party to pursue his complaint to an adverse ruling). The defendant's failure to object to prosecutorial misconduct at the earliest possible moment generally leaves the complaint unpreserved. *See Penry*, 903

S.W.2d at 764. Therefore, to determine if the issues Niles raises in his appeal were preserved, we examine the record of the trial to see when Niles first raised a claim of prosecutorial misconduct, and whether he obtained an adverse ruling on his complaint. *See id*; *Hajjar*, 176 S.W.3d at 566.

In his appeal, Niles contends the prosecutor engaged in prosecutorial misconduct at two points in the trial: (1) by failing to redact Trooper Michael Martin's statement referencing that Niles's driver's license had been suspended from a DVD of the stop, and (2) by asking Trooper Martin, during the trooper's direct examination, if anything relevant to the stop occurred while Martin checked Niles's license.

When the DVD was played before the jury, Trooper Martin can be heard stating that Niles's license was suspended. When the prosecutor was examining Trooper Martin at trial at a point the videotape showed the trooper checking on Niles's license, she asked whether anything relevant was going on. Trooper Martin answered: "[Niles] was suspended, unable to drive." The admission of this same evidence forms the basis of the request that Niles makes on appeal asking for a new trial.

The record reflects that before the DVD was admitted into evidence, the attorneys for the parties agreed that certain parts of the DVD would be redacted,

3

and their agreement was intended to include Trooper Martin's statement that concerned the status of Niles's license. However, the record also shows that defendant's attorney was provided an opportunity to view the redacted DVD before it was shown to the jury and that he did not do so. When the State offered the partially redacted DVD into evidence, Niles's attorney stated: "No objection, Judge." When the jury heard Trooper Martin's statement from the DVD regarding the status of Niles's license, Niles's attorney requested a conference at the bench. When Niles's attorney advised the trial court of the request he made to the prosecutor to redact the portion of the DVD where Trooper Martin made the statement about the status of Niles's license, the prosecutor responded: "I thought we redacted that out." After Niles's attorney admitted that he had not watched the redacted video, the trial court stated: "I can give them a limit[ing] instruction or I can do nothing. I'll leave it up to you. If you want me to give a limit[ing] instruction, I can. I'm not going to grant a mistrial." Niles's attorney responded: "I just want [you] to acknowledge my objection that it's there, but I don't want you to say anything to the jury, assuming there is nothing else in there." Because Niles's attorney did not ask for an instruction to disregard, none was given.

With respect to Trooper Martin's trial testimony, the record reflects that Trooper Martin was describing various parts of his stop of Niles while the DVD

4

played. The bench conference occurred immediately after Trooper Martin testified that while checking Niles's license, he learned that "[h]e was suspended, unable to drive." During the bench conference, Niles never suggested that he was claiming the prosecutor had intentionally injected inadmissible and incurable testimony in violation of the parties' agreements or the trial court's rulings on the evidence to be admitted during Niles's trial. Additionally, Niles's attorney first asserted his objections after stating that he had no objection to the jury being shown the redacted DVD. Consequently, the DVD was admitted for all purposes, and anything in it was properly before the jury. *See Hammock v. State*, 46 S.W.3d 889, 892-93 (Tex. Crim. App. 2001).

With respect to Niles's complaint that the trial court did not grant a mistrial, we note that Niles never asked for one during trial nor did he file a motion for new trial after the jury returned a verdict. Nevertheless, if Niles had asked for a mistrial and if his motion had been denied, a mistrial is generally required when the prejudice is incurable. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Prejudice is incurable when the "evidence is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds." *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim.

5

App. 1998). If, however, an instruction is capable of curing the admission of improper testimony, a trial court's decision to deny a motion for mistrial is not an abuse of discretion when the party asking for a mistrial either did not object to the admission of the evidence or he did not request the trial court to give the jury an instruction to disregard the testimony. *Young v. State*, 137 S.W.3d 65, 70, 72 (Tex. Crim. App. 2004).

Generally, an instruction to disregard evidence improperly admitted or admitted for a limited purpose, such as evidence that refers to extraneous offenses, cures any harm. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992); *see also Rojas*, 986 S.W.2d at 250. In our opinion, an instruction to disregard would have cured any error with respect to the evidence at issue. Because Niles failed to secure an adverse ruling regarding the trial court's admission of the evidence at issue, his complaints were not properly preserved for our review on appeal. *See Young*, 137 S.W.3d at 70 ("The party who fails to request an instruction to disregard will have forfeited appellate review of that class of events that could have been 'cured' by such an instruction."); *Cook v. State,* 858 S.W.2d 467, 473 (Tex. Crim. App. 1993) (explaining that an appellant is required to pursue the complaint of objectionable conduct to an adverse ruling to preserve the appellant's right to review the conduct at issue).

Even if the claimed error is "'incurable' or 'constitutional[,]'" trial counsel must preserve error during trial to obtain review of the complaint on appeal. *Haro v. State*, 371 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996)). Although Niles has not argued his complaints about the prosecutor's conduct rise to the level of fundamental error, some errors are considered so fundamental to the right to a fair trial that the usual error preservation rules are not applied. *See* Tex. R. Evid. 103(d) (authorizing appellate courts to take notice of fundamental errors affecting substantial rights which have not been preserved for appeal); *Ariz. v. Fulminante*, 499 U.S. 279, 309-10 (1991) (noting that fundamental error occurs when certain constitutional rights are violated, such as the right to counsel, the right to an impartial judge, the right for there not to be unlawful exclusion of members of the defendant's race from the grand jury, the right to represent oneself at trial, or the right to a public trial). However, the conduct at issue, in our opinion, does not rise to the level of fundamental error. *See Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012) (concluding that "[w]hile the prosecutor may have been aggressive in his cross-examination of Appellant, his tactics do not rise to the level of fundamental error"). Assuming without deciding that the prosecutor acted

improperly in introducing the evidence at issue, we conclude that conduct, nevertheless, does not rise to the level of fundamental error. *See id.*

In summary, the record fails to demonstrate that Niles made the trial court aware that he was attempting to claim that the prosecutor was guilty of misconduct. Consequently, having never put the court on notice of his complaint, Niles complaints concerning misconduct were forfeited.

Having overruled each of Niles's issues, the trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 30, 2013
Opinion Delivered September 25, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.