**AFFIRMED; Opinion Filed January 5, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-15-01214-CR**

**No. 05-15-01215-CR**

**No. 05-15-01216-CR**

**No. 05-15-01217-CR**

**MANUEL ROBLES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-56298-V, F14-56299-V, F14-56300-V, F15-54771-V**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Appellant Manuel Robles pleaded guilty to unlawful possession of a firearm by a felon,[1]

possession with intent to deliver 4 grams or more but less than 200 grams of methamphetamine,[2]

and two counts of possession of less than 1 gram of heroin.[3] The jury found appellant guilty in

each of the four cases and assessed punishment at 10 years' imprisonment for possession of a

firearm, 35 years for possession with intent to deliver methamphetamine, and 2 years'

confinement in a State jail facility in both of the possession of heroin offenses. The trial court

---

[1] No. 05-15-01214-CR (F14-56298-V)

[2] No. 05-15-01216-CR (F14-56300-V).

[3] Nos. 05-15-01215-CR (F14-56299-V); 05-15-01217-CR (F15-54771-V).

ordered the sentences to run concurrently. In two issues, appellant argues (1) the State's closing argument was extreme and manifestly improper, and (2) appellant's trial counsel was ineffective when he failed to object to the State's allegedly improper jury argument. We affirm.

## DISCUSSION

## I. State's Closing Argument

In his first issue, appellant contends the State's closing argument "was extreme, manifestly improper," and that its "prejudicial effect could not be cured by an instruction to disregard." The record shows that, during closing argument in this case, the State argued as follows:

> This defendant has no problem breaking into cars, carrying handguns, evading arrest, theft, burglary of a building, robbery. The person he robbed was simply out walking his dog when this defendant approaches him, assaults him and takes his wallet. Are you guys going to give him a slight slap on the wrist so that in a few years, it's your neighbors out walking their dog when you come across this defendant? The community is depending on you to protect them from this defendant.
>
> * * * *
>
> Ladies and gentlemen, this is your community. If you want to be safe from this defendant, you want your family and friends to be safe from this community (sic); you'll give him a number. You send him the message, This is our community. And I don't want to come into my house and I find you there stealing things I worked for. I don't want to come out to my car and find you have stolen it and it's at a chop shop to sell parts to—
>
> * * * *
>
> I don't want to be walking my dog, come upon you for you to rob me of my money. You have to send the statement to him, today, ladies and gentlemen, our community commands he take responsibility. Thank you.

Appellant contends this argument was of such a nature that it was designed to arouse the passion and prejudices of the jury and was highly inappropriate. He argues that the State did not just make a plea for law enforcement but created a fear for the jurors by injecting new and harmful facts that were not in evidence, such that the future safety of the jurors and their

neighbors would be in jeopardy if they did not send appellant to prison. However, the record shows appellant did not object to this argument and, therefore, failed to preserve error. The essential requirement to preserve error for improper jury arguments is a timely, specific request that is refused by the trial court. *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *see also* TEX. R. APP. P. 33.1. "[A] defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal." *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *see also Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) (failure to object to an allegedly "manifestly improper" jury argument forfeits the right to raise the issue on appeal); *Alfaro v. State*, 224 S.W.3d 426, 434 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Even if a prosecutor's statement is so inflammatory and prejudicial that it cannot be cured by an instruction to disregard, the defendant is required to object and request a mistrial. *Mathis v. State*, 67 S.W.3d 918, 926–27 (Tex. Crim. App. 2002) (objection and request for a mistrial required to preserve error when prosecutor called the defendant a "despicable piece of human trash" in closing argument). While some fundamental, absolute rights cannot be waived for failure to preserve an objection, improper jury argument does not fall into that category. *See Ladd v. State*, 3 S.W.3d 547, 569–70 (Tex. Crim. App. 1999) (complaint about State's argument violating defendant's right to due process was waived for failure to object); *Haro v. State*, 371 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (even for "incurable" or "constitutional" error, trial counsel must object to preserve error). By failing to object to the State's closing argument, appellant failed to preserve his issue for appellant review. We overrule appellant's first issue.

## II. Ineffective Assistance of Counsel

In his second issue, appellant argues his trial counsel was ineffective because he failed to

object to the State's allegedly improper jury argument.

To prove a claim of ineffective assistance of counsel, appellant must show that (1) his trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance or trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006). Appellant has the burden to establish both prongs by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). "An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *see also Strickland*, 466 U.S. at 697. Generally, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). In the rare case in which trial counsel's ineffectiveness is apparent from the record, an appellate court may address and dispose of the claim on direct appeal. *Lopez*, 343 S.W.3d at 143. However, the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law and no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of counsel's subjective reasoning. *Id.*

"The decision to object to a particular [jury] argument almost always involves trial-strategy considerations." *Bollinger v. State*, 224 S.W.3d 768, 781 (Tex. App.—Eastland 2007,

–4–

pet. ref'd). In this case, the record is silent as to the why trial counsel did not object to the State's comments made during its closing argument. Appellant filed a motion for new trial but it did not raise ineffective assistance of counsel. It is possible counsel may have determined that an objection would only bring further attention to the comments. *See Ex parte Saenz*, 491 S.W.3d 819, 828 (Tex. Crim. App. 2016) ("'[I]n the absence of evidence of counsel's reasons for the challenged conduct, an appellate court 'commonly will assume a strategic motivation if any can possibly be imagined,' . . . and will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it.'") (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (quoting 3 W. LaFave, Et Al., Criminal Procedure § 11.10(c) (2d. ed. 1999))); *West v. State*, 474 S.W.3d 785, 792 (Houston [14th Dist.] 2014, no pet.) (trial counsel's failure to object to mentioning of defendant's tattoo may have been trial strategy to avoid drawing unwanted attention); *Agbogwe v. State*, 414 S.W.3d 820, 838 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (defense counsel may not have sought limiting instruction so as to not bring unwanted attention to testimony regarding defendant's prior "altercations" with other employees). The record does not provide any insight into defense counsel's true reasoning. Based on this silent record, we cannot conclude counsel's performance was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392; *Garcia*, 57 S.W.3d at 440. We overrule appellant's second issue.

We affirm the trial court's judgments.


/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
Tex. R. App. 47
151214F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MANUEL ROBLES, Appellant

No. 05-15-01214-CR　　　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F14-56298-V.
Opinion delivered by Justice Myers. Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of January, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MANUEL ROBLES, Appellant

No. 05-15-01215-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F14-56299-V.
Opinion delivered by Justice Myers. Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of January, 2017.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MANUEL ROBLES, Appellant

No. 05-15-01216-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F14-56300-V.
Opinion delivered by Justice Myers. Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of January, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MANUEL ROBLES, Appellant

No. 05-15-01217-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-54771-V.
Opinion delivered by Justice Myers. Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of January, 2017.