**Affirmed and Memorandum Opinion filed March 21, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00316-CR

---

**ANTHONY GREEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 19CR2010**

---

## M E M O R A N D U M   O P I N I O N

Appellant Anthony Green appeals his conviction for indecency with a child, contending that the trial court reversibly erred by failing to correct sua sponte the prosecutor's voir dire comments regarding the State's burden to prove the offense elements beyond a reasonable doubt. We affirm.

## Background

There being no challenge to the sufficiency of the evidence supporting the jury's guilty verdict, we limit our discussion to key procedural facts.

The State indicted appellant for the second-degree felony offense of indecency with a child by contact. Appellant pleaded not guilty, and the case proceeded to trial before a jury.

During voir dire, the prosecutor made the following comments:

> Now, I have to prove the elements that we discussed beyond a reasonable doubt. The law doesn't tell us what beyond a reasonable doubt means. They don't give us a definition. It is whatever it means to you, Juror No. 4; okay? But it does allow me to tell you what it does not mean. Beyond a reasonable doubt does not mean beyond a shadow of a doubt. It doesn't mean a hundred percent. It doesn't mean beyond all doubt. Does that make sense? . . .

> Who will require -- who is thinking to themselves, look, lady, this is a felony. And you know, we're dealing with people's lives and this is a felony offense and you want to convict someone for the felony of indecency with a child by sexual contact, you're going to prove it to me a hundred percent, beyond all doubt, beyond a shadow of a doubt. Otherwise, no can do. Does anybody feel that way? . . .

> Now, Juror -- does anybody else feel like Juror No. 42, that you would require me to prove it beyond all doubt, a hundred percent, beyond a shadow of a doubt; does anybody feel that way? . . .

> So the law requires me to prove the case beyond a reasonable doubt. I cannot tell you what that means but I can tell you that it doesn't mean beyond all doubt, beyond a shadow of a doubt or a hundred percent. Would you raise my burden and require me to prove it beyond all doubt? . . .

> And I -- and that's the thing about it. Legally, this is whatever it means to you. . . .

> So you don't know what it means to me and I don't know what it means to you and you don't know what it means to [Juror] No. 16. It's all different. And so I appreciate you telling me that. But you do

2

understand that, when you say you're a scientist, you deal in a very different environment. . . .

Okay. And you understand that the reason I say sometimes something cannot [be] proven 100 percent is because the only way that I can assure someone that something happened a hundred percent is a witness to that event; right? . . .

So let me tell you this. So the only way most people feel comfortable a hundred percent is if they were the witness; correct?

Appellant did not object to any of these statements. The written jury charge authorized the jury to find appellant guilty of the charged offense "[i]f you all agree the state has proved, beyond a reasonable doubt, each of the three elements" of the offense and instructed that "[i]f you all agree the state has failed to prove, beyond a reasonable doubt, one or more [] elements . . . you must find the defendant 'not guilty.'" At the conclusion of trial, the jury found appellant guilty as charged in the indictment, sentenced appellant to twenty years' confinement, and assessed a $10,000 fine. Appellant timely appealed.

## Analysis

In a single issue, appellant argues that the prosecutor's remarks so erroneously described the State's "beyond a reasonable doubt" burden of proof that appellant's due process rights were impaired, thereby requiring corrective intervention by the trial judge sua sponte.

Ordinarily, to preserve error for appellate review, the complaining party must make "a timely, request, objection, or motion." Tex. R. App. P. 33.1(a)(1). Appellant acknowledges his failure to object but contends nonetheless that the

prosecutor's statements constituted "fundamental error," requiring no objection and reviewable for egregious harm.[1]

The Court of Criminal Appeals, while not deciding whether appellate courts may review a voir dire comment absent an objection, has explained that comments do not constitute fundamental error unless they rise to "such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury." *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). Appellant argues that the prosecutor's comments regarding reasonable doubt impacted appellant's constitutional rights to a fair trial, to counsel, and to an impartial jury.

In a criminal trial, Texas courts do not define the phrase "beyond a reasonable doubt." *See Trevino v. State*, No. 14-16-00848-CR, 2018 WL 3469228, at *3 (Tex. App.—Houston [14th Dist.] July 19, 2018, pet. ref'd) (mem. op., not designated for publication); *Copeland v. State*, No. 14-07-00475-CR, 2008 WL 4735199, at *2 (Tex. App.—Houston [14th Dist.] Oct. 30, 2008, pet ref'd) (mem. op., not designated for publication); *Anderson v. State*, 414 S.W.3d 251, 256 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd); *Carriere v. State*, 84 S.W.3d 753, 758 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *see also Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). Accordingly, each individual juror must decide what "proof beyond a reasonable doubt" means and the amount of proof

---

[1] The Texas criminal adjudicatory system contains three categories of error preservation rules, depending whether the violation was of: (1) an absolute requirement or prohibition; (2) a right of the litigant that must be implemented by the system unless expressly waived; or (3) a right of the litigant that is to be implemented upon request. *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). Under *Marin*, the requirement that a party raise a timely and specific objection does not apply to the first two categories of claimed errors. *Id.* at 280. Although appellant does not expressly say so, he suggests in his reply brief that his argument falls within *Marin*'s first or second category. *See Proenza v. State*, 541 S.W.3d 786, 794 (Tex. Crim. App. 2017) (no common law "fundamental error" exception exists outside of the *Marin* framework: "to say that an error is 'fundamental' in this sense is functionally the same as saying that it is a *Marin* category-one or -two claim").

required to meet the beyond a reasonable doubt standard. *See Fuller v. State*, 363 S.W.3d 583, 587 (Tex. Crim. App. 2012) (jurors should supply their own meaning of the phrase "beyond a reasonable doubt" based on "their own common-sense understanding of the words"); *Murphy v. State*, 112 S.W.3d 592, 598 (Tex. Crim. App. 2003) ("each juror must decide for himself what amount of proof would constitute the threshold of beyond a reasonable doubt"); *Garrett v. State*, 851 S.W.2d 853, 859 (Tex. Crim. App. 1993) ("an individual juror must determine what proof beyond a reasonable doubt means to him, for the law does not tell him").

The issue appellant raises is not foreign to this court. We have considered and rejected similar contentions in several comparable cases. *E.g.*, *Williams v. State*, No. 14-16-00827-CR, 2017 WL 5505755 (Tex. App.—Houston [14th Dist.] Nov. 16, 2017, pet. ref'd) (mem. op., not designated for publication); *Latson v. State*, 440 S.W.3d 119 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Muhammed v. State*, 331 S.W.3d 187 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

In 2011, this court evaluated almost exactly the same statements against precisely the same challenge appellant asserts here. *Muhammed*, 331 S.W.3d at 194-95. There, the trial court gave the following explanation of reasonable doubt during voir dire:

> The burden of proof in this case is going to be beyond a reasonable doubt. It's not beyond all doubt or beyond a shadow of a doubt. It's not 100 percent. Nobody could make that burden unless you were a witness yourself, perhaps, to an event. And if that were the case, you wouldn't be sitting here in the jury room. You would be back in the witness room waiting to testify. So, the law does not require that you be convinced 100 percent; but you must be convinced beyond a reasonable doubt. There's no legal definition. You will use your

common sense to conclude whether or not you've been convinced beyond a reasonable doubt at the end of the trial.

*Id.* at 194.  On appeal, the appellant argued that the trial court's "beyond a reasonable doubt" explanation impinged on the presumption of innocence and therefore constituted fundamental error not requiring an objection to preserve error. We held that the trial judge's comments were "not of such a nature that the presumption of innocence was tainted."  *Id.*  Therefore, the appellant's failure to object waived his appellate complaint.  *Id.* at 194-95.

We reached similar conclusions in subsequent dispositions.  In *Williams*, the trial court explained to the jury panel the State's burden to prove the defendant's guilt beyond a reasonable doubt:

> Now, beyond a reasonable doubt is great, but our Legislature and our laws do not define it for us.  So beyond a reasonable doubt is what is individually in each one of us, and you would have to decide what it means to you.  And that is where you are.  Now, it's not beyond all doubt.  We know that.  And the State has to prove each side [*sic*] and every allegation by that burden of proof of beyond a reasonable doubt.
>
> So in essence, what we are asking you to do is sit here, listen to the evidence, and decide from the evidence whether the State has proved their case or not.  And that is what I ask you to remember.  And in that regard, our Legislature, not defining it—well, they did try at one time to define it, but now it's not.  It's up to each individual.  So you are the exclusive judges of the facts to be proven and the credibility to be given the witnesses.
>
> What that in essence means is you have to judge each witness as they come up here and decide whether you believe all of what they say, some of what they say, or none of what they say.  And you decide that.  And once you've done that, you would decide what—whether their evidence is true or not true.  And that is what you are called upon to do when you are selected on a jury.
>
> Now—excuse me—in any given case, the State has the burden of proving this.  Now, until you have decided whether you believe all of their testimony, some of their testimony, or none of their testimony,

since you are the finders of whether the witnesses are telling the truth or not, then you decide this case.

*Williams*, 2017 WL 5505755, at *1.

The appellant in *Williams* complained that the judge's comments, which drew no objection, "gave the critical concept of proof beyond a reasonable doubt twelve different 'masters,' each empowered by the judge to decide for himself or herself what the words mean." Consequently, the appellant argued, the judge "gave the jurors the power to decide what the law is, rather than receiving guidance on the law from the court," which "easily allowed any juror to apply a standard which fell short of what is required to satisfy due process." *Id.* at *2. We disagreed, concluding that no reasonable likelihood existed that the jury applied the trial court's comments in a way that undermined the appellant's constitutionally protected right to a finding of guilt beyond a reasonable doubt. The trial judge did not suggest that a juror could simply apply whatever standard that juror might personally prefer. Instead, the trial judge correctly explained that reasonable doubt is not "beyond all doubt," but is a standard that requires the State to prove every allegation beyond a reasonable doubt as determined by the jury's determination of the credibility of the witnesses' testimony and the weight of the evidence. *Id.* at *5. Thus, we held that the challenged comments were not so constitutionally deficient as to constitute fundamental error that could be reviewed in the absence of a timely and specific objection at trial. *Id.*

In *Latson*, the judge explained the State's burden of proof during voir dire this way:

> Now, I've told you that the State has the burden of proof beyond a reasonable doubt. Any idea what beyond a reasonable doubt is? Good, because you know what, the Courts haven't defined what beyond a reasonable doubt is. Several years ago the Court of Appeals

7

> tried to come up with a definition that lawyers could use in criminal cases, and they ultimately decided that it wasn't appropriate for them to define beyond a reasonable doubt. Because beyond a reasonable doubt is that kind of proof that proves to you individually kind of in your heart, in your mind that the Defendant is guilty; and it's impossible to really define that. I can tell you what it isn't; it's not proof beyond all possible doubt . . . .

*Latson*, 440 S.W.3d at 121. The appellant in that case argued that the trial judge's comments tainted the presumption of innocence and thus amounted to fundamental error. *Id.* We again disagreed, noting that the comments did not indicate that the appellant was guilty, apply the burden of proof to the facts of the case, shift the burden of proving the appellant's guilt from the State to the appellant, or instruct the jury to follow their hearts and ignore the law. *Id.* Consequently, this court held that the trial court's comments did not constitute fundamental error. *Id.* at 122.

This court is not alone in requiring a trial objection to the types of statements at issue. *E.g.*, *Smallwood v. State*, No. 01-16-00546-CR, 2018 WL 1189594, at *3 (Tex. App.—Houston [1st Dist.] Mar. 18, 2018, pet. ref'd) (mem. op., not designated for publication); *Mendez v. State*, No. 05-15-01051-CR, 2017 WL 105023, at *1 (Tex. App.—Dallas Jan. 11, 2017, no pet.) (mem. op., not designated for publication); *Pitts v. State*, No. 05-14-01375-CR, 2016 WL 1270311, at *5-6 (Tex. App.—Dallas Mar. 31, 2016, no pet.) (mem. op., not designated for publication); *Haro v. State*, 371 S.W.3d 262 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). In *Haro*, which we cited in *Williams* and *Latson*, our sister court addressed a very similar complaint that the explanation of the meaning of "reasonable doubt" during voir dire amounted to constitutional or fundamental error because the comments emphasized that reasonable doubt was what the individual juror believed it to be. *See Haro*, 371 S.W.3d at 264-65. The trial judge's comments in *Haro* included the following:

Now, I mentioned beyond a reasonable doubt a while ago, and that's the standard of proof we employ here in the criminal courts. Some of you have been on civil juries before; the standard there is different. Instead of going through a civic lesson on every standard of proof, let's just deal with the one that we're going to be dealing with and that's beyond a reasonable doubt.

Now, when I first started coming down here to the courthouse back in 1982, . . . we had no definition for reasonable doubt . . . and we told jurors . . . that reasonable doubt is what the individual juror believes it to be. Well, we rocked along just fine that way.

And then the Court . . . of Criminal Appeals decided no, we do have a definition for beyond a reasonable doubt and here it is. And so we [used] that definition for several years. . . . Well, they got to looking at it again and said, you know what, I think we had it right the first time. So, we are back to beyond a reasonable doubt being what the individual jurors believe[] it to be. It's not beyond all possible doubt, and the Charge will tell you that, it's beyond a reasonable doubt. So, I can't give you a definition. I can give you some suggestions, kind of get you thinking about it and really tell you what some folks on juries before have told me they thought beyond a reasonable doubt meant to them. But ultimately, you, individually, g[e]t to decide what beyond a reasonable doubt means to you. I've heard people say that it is an intellectual exercise based on reason, common sense and logic. I've heard people say it's something you know in your heart. You listen to everything. You weigh it all. You determine what you believe based on your experience, and you filter it through the law the Court gives you.

I've heard other people say it's something you know in your gut, after considering everything brought to you, looking and seeing what's credible, what's not, who has reason to fabricate, who does not. It's just something that you feel in your gut after listening to everything clearly. Folks, I would submit to you that it's probably a little bit of all three; but you have to make that decision.

So, I've got two questions for you along these lines. First of all, knowing yourself like no one else knows you, can you determine what beyond a reasonable doubt means to you? Can you do that? Anyone who cannot? All right. And will you hold the State to that burden as to each and every element of the offense charged as the law says you

9

must?  Can you do that?  All right.  Anyone who cannot?  Fair enough.

*Id.* at 263-64 (alterations in original).

The appellant in *Haro* complained that the trial court's comments amounted to fundamental error because (1) they conditioned the jury to believe that the beyond-a-reasonable-doubt standard was whatever they thought, (2) they diminished the standard by failing to distinguish it from lesser burdens of proof, and (3) the trial court's explanation left the impression that the jury "could have relied on nothing more than a 'gut feeling' in deciding whether he was guilty." *Id.* at 264.  The First Court of Appeals rejected these arguments, explaining that under Texas law, "each individual juror decides the amount of proof required to meet the threshold of beyond a reasonable doubt," which was consistent with the judge's comments.  *Id.* at 265 (citing *Murphy*, 112 S.W.3d at 597).  Thus, the court held that the appellant "waived error by failing to object to the trial court's comments on reasonable doubt because the trial court's comments do not rise to the level of fundamental error." *Id.*

After reviewing the voir dire record and the foregoing authority, we hold that the prosecutor's unobjected-to comments concerning the State's burden of proof did not infringe upon appellant's constitutional rights and, therefore, he waived any complaint on appeal by failing to raise a timely and specific objection at trial.  *See Williams*, 2017 WL 5505755, at *5; *Latson*, 440 S.W.3d at 121-22; *Haro*, 371 S.W.3d at 265-66; *Muhammed*, 331 S.W.3d at 194-95; *see also Marshall v. State*, 312 S.W.3d 741, 743-45 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (holding trial court's voir dire comments did not rise to the level of fundamental error but "simply explained the existing law with regard to reasonable

doubt" and therefore timely and specific objections were required to preserve appellant's complaint for appeal).

## Conclusion

We overrule appellant's sole issue and affirm the trial court's judgment.


/s/    Kevin Jewell
        Justice


Panel consists of Justices Wise, Jewell, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).