**Affirmed and Opinion filed April 4, 2013.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-11-01100-CR
### NO. 14-11-01104-CR

**LEROY DEWAIN MCCOOK, Appellant,**

**V.**

**THE STATE OF TEXAS, Appellee.**

**On Appeal from the 262nd District Court
Harris County
Trial Court Cause Nos. 1303398 & 1303399**

## O P I N I O N

Appellant Leroy Dewain McCook appeals his convictions for possession of marijuana and possession of a firearm by a felon. A jury found McCook guilty of the two offenses and the trial court assessed punishment in each case at seven years' confinement in the Texas Department of Criminal Justice, Institutional Division, with the sentences to run concurrently. On appeal, McCook raises the

same two arguments in each case. First, he contends that he received ineffective assistance of counsel. Second, he contends that he was egregiously harmed by the trial court's failure to sua sponte instruct the jury as provided by Code of Criminal Procedure article 38.23 because a factual dispute existed regarding the probable cause forming the basis for the search warrant that lead to his arrest. We affirm.

I

Officers Jones and Strawder were working undercover when Jones was informed that he could buy marijuana from "Wayne" at the back door of a nearby house at 2915 Sauer Street. As Strawder watched, Jones went to the back door of the house and found the burglar bars closed, but the back door open. Jones yelled for "Wayne." McCook, who goes by the name "Wayne," came to the back door and sold Jones marijuana in exchange for $20. During the transaction, Jones could see a small handgun in McCook's waistband.

Based on this encounter, Strawder prepared an affidavit and request for a search warrant for the house at 2915 Sauer. A magistrate granted the request, authorizing a "no-knock" search warrant.[1]

When the search warrant was executed several days later, Strawder and a team of officers drove to the house and used their van to pull the burglar bars off the door. The team entered the house and found marijuana, digital scales, and other drug paraphernalia, along with a shotgun. They also found surveillance cameras showing the front and back of the house, similar to surveillance systems drug dealers use to alert them when police are coming. The surveillance system was connected to the house next door at 2913 Sauer by wires running between the two

---

[1] Jones testified that a "no-knock" search warrant allows officers to break down the door and search the premises without knocking or announcing themselves. Jones explained this type of warrant was requested because Jones had seen McCook with a weapon.

2

houses. This arrangement allowed the cameras to be monitored from either 2915 or 2913 Sauer.

As the team entered through the back door, McCook and another man were seen going out the front door and walking to the porch of the house at 2913 Sauer. When officers detained McCook, they found a key for the front door of 2913 Sauer in his pocket. Officers then obtained a search warrant for the house at 2913 Sauer and searched that house. Inside, officers found ecstasy pills and a firearm. The firearm was the same one McCook had in his waistband when he sold marijuana to Jones.

At trial, McCook testified in his defense. He denied ever selling drugs out of his residence at 2915 Sauer. On cross-examination, McCook admitted to prior drug-related convictions in 2007, 2006, and 2002.

## II

In his first issue, McCook contends that his counsel was ineffective for failing to object to the prosecutor's inquiry into McCook's 2002 conviction for marijuana possession. McCook argues that admission of this prior conviction violates Texas Rule of Evidence 609(a) because the prejudicial effect of the admission outweighed any probative value under *Theus v. State*, 845 S.W.2d 874 (Tex. Crim. App. 1992).[2]

---

[2] In *Theus,* the Court of Criminal Appeals articulated a non-exclusive list of factors that courts should use to weigh the probative value of a conviction against its prejudicial effect. *Theus,* 845 S.W.2d at 880. These factors include (1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history, (3) the similarity between the past crime and the charged offense, (4) the importance of the witness's testimony, and (5) the importance of the witness's credibility. *Id.*

## A

An accused is entitled to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Bradley v. State*, 359 S.W.3d 912, 916 (Tex. App.— Houston [14th Dist.] 2012, pet. ref'd). In reviewing claims of ineffective assistance of counsel, we apply a two-prong test. *See Strickland*, 466 U.S. at 687; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To establish ineffective assistance, an appellant must prove by a preponderance of the evidence that (1) his trial counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. *Strickland*, 466 U.S. at 687; *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001). The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson*, 9 S.W.3d at 813 (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)).

When evaluating a claim of ineffective assistance, the appellate court looks to the totality of the representation and the particular circumstances of the case without the benefit of hindsight. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *Thompson*, 9 S.W.3d at 813. There is a strong presumption that trial counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). It is not sufficient that an appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *Lopez*, 343 S.W.3d at 142–43. Instead, in order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record and the court must not engage in retrospective

4

speculation. *Id.* at 142.

Absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate this aspect of an ineffective-assistance claim. *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). When direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Lopez*, 343 S.W.3d at 143. Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Id.*

If a criminal defendant can prove trial counsel's performance was deficient, he still must prove he was prejudiced by his counsel's actions. *Thompson*, 9 S.W.3d at 812. This requires the defendant to demonstrate a reasonable probability that the result of the proceeding would have been different if the trial counsel had acted professionally. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Mallett*, 65 S.W.3d at 63.

B

Although McCook filed a motion for new trial, he did not raise the issue of ineffectiveness of counsel and no evidence was developed regarding his trial counsel's strategy. In the absence of a record, we cannot conclude that counsel's action in failing to object to the admission of McCook's 2002 marijuana conviction was so outrageous that no competent attorney would have engaged in it. *See Menefield*, 363 S.W.3d at 593. An attorney is not necessarily ineffective for failing to object to inadmissible evidence. *See DeLeon v. State*, 322 S.W.3d 375, 381

5

(Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

For example, counsel may have allowed the testimony in an effort to make McCook appear more honest and truthful, to avoid drawing unwanted attention to the impeachment, or to prevent the impression that he was objecting at every opportunity as a means of stonewalling evidence. *See Huerta v. State*, 359 S.W.3d 887, 894 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *see also Martin v. State*, 265 S.W.3d 435, 444–45 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that trial counsel did not render ineffective assistance for not filing *Theus* motion when admission of prior convictions by counsel appeared to be strategic attempt to appear open and honest to jury and to lessen impact of any impeachment on issue). It is equally possible that there were no strategically sound reasons for counsel's conduct. *See Menefield*, 363 S.W.3d at 593; *Bone*, 77 S.W.3d at 836. But on this record, McCook has failed to overcome the presumption that counsel was motivated by sound trial strategy in declining to object to the arguably inadmissible prior conviction. *See Lopez*, 343 S.W.3d at 143–44; *Thompson*, 9 S.W.3d at 814–15.

Even assuming counsel's representation fell below an objective standard of reasonableness, McCook has failed to demonstrate that a reasonable possibility exists that, but for counsel's unprofessional error, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. Excluding the complained-of prior offense, the evidence amply supports McCook's conviction in each case. An officer bought marijuana from McCook at his residence. During this transaction, the officer saw a gun in McCook's waistband. When searching McCook's house, officers found marijuana and a shotgun, along with other items of drug paraphernalia. There was also a surveillance system wired to monitors in both McCook's house and the house next door. In the house next door, officers

found more drugs and the gun McCook had in his waistband during the earlier drug transaction.

It is likely that informing the jury of McCook's 2002 marijuana conviction would have made little difference because McCook also told the jury that he was convicted of possessing cocaine in 2007 and possessing a controlled substance in 2006. McCook does not complain about the admission of the latter two prior felony convictions, nor does he challenge the sufficiency of the evidence supporting his convictions. The jury was already aware that McCook was a convicted felon, and it is doubtful that informing the jury of an additional marijuana conviction would have had any significant impact.

Additionally, the jury charge in each case admonished the jury that evidence of any crimes other than those charged "cannot be considered by you against the defendant as any evidence of guilt in this case. Said evidence was admitted before you for the purpose of aiding you, if it does aid you, in passing upon the weight you shall give his testimony, and you will not consider the same for any other purpose." Absent evidence to the contrary, the jury is presumed to have followed the instructions set forth in the trial court's charge. *Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996); *Haro v. State*, 371 S.W.3d 262, 267 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).

On this record, McCook has not shown that, but for the conduct of trial counsel he claims was ineffective, the result of the trial would have been different. *See Thompson*, 9 S.W.3d at 812; *Haro*, 371 S.W.3d at 267. We hold that McCook has failed to satisfy either prong of *Strickland*, and we overrule his first issue.

7

In his second issue, McCook contends that "[e]gregious harm resulted when the trial court failed to provide jury instructions *sua sponte* pursuant to Article 38.23 of the Code of Criminal Procedure" because "a factual dispute existed regarding the probable cause that formed the basis of the warrant to search the residence at 2915 Sauer Street." Before the trial, McCook had filed a motion to suppress in which he alleged that the affidavit supporting the search warrant was insufficient to support a finding of probable cause. The trial court denied the motion at the close of the guilt-innocence phase of the trial. On appeal, McCook does not challenge the trial court's ruling on his motion to suppress; his argument is limited to alleged charge error.

Under article 38.23, "[n]o evidence obtained by an officer . . . in violation of any provisions of the Constitution or laws . . . shall be admitted in evidence against the accused" at trial. Tex. Code Crim. Proc. art. 38.23(a); *Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012). When evidence presented before the jury raises a question of whether the fruits of a police-initiated search or arrest were illegally obtained, "'the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.'" *Robinson*, 377 S.W.3d at 719 (quoting Tex. Code Crim. Proc. art. 38.23(a)). The trial court is required to include a properly worded article 38.23(a) instruction in the jury charge only if there is a factual dispute as to how the evidence was obtained. *Id.*

McCook argues that he was entitled to an article 38.23 jury instruction because there was a factual dispute regarding whether McCook sold marijuana to Jones from the residence at 2915 Sauer. At trial, Jones testified that on April 12,

2011, he went to the back door of the residence and purchased marijuana from McCook, while McCook denied ever selling drugs to anyone from the back door of the residence. As McCook acknowledges, however, this purported fact issue is directed to the allegations in the probable-cause affidavit used to obtain the search warrant for McCook's residence, which then led to the discovery of the marijuana and the firearm.[3]

Whether the affidavit contained sufficient facts for a neutral and detached magistrate to conclude there was probable cause is a legal question, and any dispute regarding the facts contained in the affidavit was for the trial court to make under the appropriate standard of review. *See Griggs v. State*, 352 S.W.3d 297, 301 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (trial court's duty is to ensure that the magistrate had a substantial basis for concluding that probable cause existed). When the trial court is determining whether probable cause exists to support the issuance of a search warrant, "there are no credibility determinations" as the court "is constrained to the four corners of the affidavit." *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011).

Allegations of deliberate falsehood or reckless disregard for the truth by the search-warrant affiant should be pursued through a *Franks* hearing. *See Franks v. Delaware*, 438 U.S. 154, 156 (1978); *Cates v. State*, 120 S.W.3d 352, 355 n.3 (Tex. Crim. App. 2003). Specific allegations and evidence must be apparent in the pleadings for a trial court to even entertain a *Franks* proceeding. *See Harris v. State*, 227 S.W.3d 83, 85–86 (Tex. Crim. App. 2007). When a defendant challenges the warrant affidavit on the ground that it contains known falsehoods, the trial court is not limited to the four corners of the affidavit. *Cates*, 120 S.W.3d at 355 n.3.

---

[3] The affidavit supporting the search warrant is not in our record.

Here, McCook's contention that he was entitled to an article 38.23 instruction arises from his argument that the affidavit supporting the search warrant was false. But the affidavit supporting the search warrant was not offered into evidence and McCook made no argument at trial that any of the evidence offered against him was illegally obtained. In his motion to suppress, McCook argued only that "[t]he search warrant at issue is not lawful because affiant was not truthful in their[sic] descriptions" and the affidavit suffered from material omissions. It appears from the record that the trial court considered the evidence presented at trial before ruling on McCook's motion to suppress, rather than holding a separate pretrial hearing. On appeal, however, McCook seeks to circumvent the trial court and have the jury separately conduct a *Franks* analysis, arguing that had the jury been given an article 38.23 instruction, it "could have determined that Officer Jones committed perjury and the illegal act of perjury resulted in the unlawful search of Mr. McCook's house." McCook cites no case law applying article 38.23 for such a purpose.

On this record, we cannot hold that the trial court should have sua sponte submitted an article 38.23 instruction to the jury. We therefore overrule McCook's second issue.

* * *

Having overruled McCook's issues, we affirm the trial court's judgment.

/s/       Jeffrey V. Brown
              Justice

Panel consists of Justices Frost, Brown, and Busby.

Publish — TEX. R. APP. P. 47.2(b).