**Affirmed and Memorandum Opinion filed May 22, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00958-CR

---

**ALBERT L. THOMPSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1297642**

---

## M E M O R A N D U M   O P I N I O N

Appellant Albert Thompson appeals his felony conviction of aggravated robbery, for which he was sentenced to forty years' imprisonment and fined $10,000. The trial court also assessed $244 in court costs. Appellant asserts he received ineffective assistance of counsel at trial and there is insufficient evidence to support the trial court's assessment of court costs. We affirm.

BACKGROUND

Appellant was charged with aggravated robbery, to which he pleaded not guilty. The record reflects that appellant entered a bank wearing a chauffeur's hat and sunglasses, approached a teller, placed a firearm on the counter, and threatened to shoot the teller if she did not give him all of her money. The teller complied. Appellant then demanded more money from a second teller. Because the second teller did not have cash at her station, the two tellers went to a back room, retrieved more money, and placed a red dye pack in between the stacks of bills. Appellant exited the premises with roughly $23,000 in a brown paper bag. The tellers observed the dye packs explode in appellant's vehicle as he drove away.

During an investigation, the first teller identified appellant from a photographic lineup as the person who robbed the bank. Investigating officers believed that appellant's description also matched the description of a suspect involved in several other bank robberies in the area. Three witnesses at the other banks also identified appellant as the person who committed those robberies.

A patrol officer saw a vehicle that appellant was driving several weeks later, learned the vehicle was stolen, and pursued the vehicle. Appellant ultimately crashed the vehicle and was apprehended. In the vehicle were a chauffeur's hat, a brown paper bag, over $9,000 in stained cash, and a firearm that had red stains on it consistent with the dye from the dye pack. A seat in the vehicle had a stain that matched the dye from the dye pack.

Appellant's trial counsel developed a defensive theory of intoxication based on the side effects of the prescription drug Xanax. In support of this claim, appellant's trial counsel elicited testimony from a doctor about appellant's Xanax prescription. On cross examination, the doctor testified that the side effects of Xanax include low energy, change in appetite, nausea, dry mouth, and yellowing

of the eyes, but most commonly drowsiness.

Appellant testified that he had used Xanax for several months up to and including the day of the robbery. However, appellant testified that he did not experience any of the side effects listed by the doctor and that he was not intoxicated at the time of the offense. Rather, appellant denied committing the offense as charged in the indictment. Because appellant's testimony raised the question of identity, the State offered evidence of the other bank robberies in rebuttal.

ANALYSIS

I.      Ineffective Assistance of Counsel

In his first issue, appellant asserts he received ineffective assistance of counsel at trial. In support of this claim, he points to (1) counsel's choice to advance a defensive theory of intoxication; (2) counsel's failure to object to the trial court's explanation of the crime to the jury during voir dire; (3) counsel's discussion of reasonable doubt during voir dire; and (4) counsel's closing argument which allegedly conceded appellant's guilt.

An accused is entitled to reasonably effective assistance of counsel. *See* U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10; *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on a claim of ineffective assistance of counsel, appellant must prove by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness under the prevailing professional norms, and (2) there is a reasonable probability that, absent counsel's deficient performance, the outcome of the trial would have been different. *Strickland*, 466 U.S. at 689; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

3

When evaluating a claim of ineffective assistance, a reviewing court considers the totality of the representation and the circumstances of each case, without the benefit of hindsight. *Lopez*, 343 S.W.3d at 143. An appellate court must make a strong presumption that trial counsel's performance fell within the wide range of reasonably professional assistance. *Id*. at 142. It is not sufficient that an appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *Id.* at 142-43.

For an appellate court to find that counsel was ineffective, trial counsel's deficiency must be affirmatively demonstrated in the trial record. *Id*. at 142.The record must demonstrate that trial counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of trial counsel's subjective reasoning. *Id*. at 143.

When such direct evidence is not available, we will assume that trial counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Id*. Absent direct evidence, an appellate court should not find ineffective assistance of counsel unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

## A. Trial Counsel's Decision to Advance a Defensive Theory of Intoxication

Appellant claims that his trial counsel was ineffective for arguing and developing a defensive theory of intoxication, arguing the theory was inapplicable to the facts of his case. This record comes to us on direct appeal without direct evidence of the reasons trial counsel had for arguing and developing this defensive theory. Therefore, for there to be ineffective assistance of counsel, the record must demonstrate that no reasonable trial strategy could justify counsel's arguing and

4

developing the defensive theory of intoxication, regardless of counsel's subjective reasoning. *Lopez*, 343 S.W.3d at 143.

Trial counsel's presentation of appellant's prescription drug use could have been part of a reasonable trial strategy trying to raise reasonable doubt as to the *mens rea* element of the charged offense. *See* Tex. Penal Code § 6.02; *see also Mendenhall v. State*, 77 S.W.3d 815, 818 (Tex. Crim. App. 2002) (holding that an insanity defense under § 8.01(a) is not available to a defendant who argues semi-consciousness due to involuntary intoxication, but that defendant may nonetheless argue lack of *mens rea* necessary to establish criminal liability under §§ 6.01 and 6.02). Appellant provides no authority to support a general proposition that this strategy amounts to ineffective assistance of trial counsel. We conclude that a reasonable trial strategy could justify trial counsel's conduct in arguing and developing the defensive theory of intoxication. Therefore, the record is insufficient to show that this conduct constitutes ineffective assistance of counsel. *See Lopez*, 343 S.W.3d at 143; *Garza v. State*, 213 S.W.3d 338, 347–48 (Tex. Crim. App. 2007).

**B. Trial Counsel's Failure to Object to Court's Comments and Counsel's Discussion of Reasonable Doubt During Voir Dire**

During voir dire, the trial court explained the elements of aggravated robbery to the venire panel, drawing the panel's attention to the words "threat" and "imminent." *See* Tex. Penal Code § 29.03. The court discussed the terms, telling the panel that, "the threat does not have to be an oral threat" and, "[the State] only has to prove one or the other, imminent bodily injury or in fear of death." Concluding its statements, the court specified that, "none of those words will be defined for you. So, you should go with whatever [threat and imminent] means to you." Later, the court told the venire panel, "aggravated robbery is one of the

5

simple areas of criminal law, not like murder with self-defense and defense of third person. . . . This is pretty straightforward. Either the defendant did it, or he didn't." Trial counsel did not make any objections to the court's explanations.

Appellant contends that trial counsel's failure to object was ineffective assistance of counsel that altered the outcome of the trial because the trial court's definition of commonly used, statutorily undefined terms may amount to improper comment on the weight of the evidence. *See Kirsch v. State*, 357 S.W.3d 645, 651– 52 (Tex. Crim. App. 2012) (holding that a court's inclusion of a non-statutory definition of 'operate' in a written jury charge usurped the jury's fact-finding power). Additionally, appellant argues that the trial court's explanation of aggravated robbery—that he "did it, or he didn't"—precluded the jury from considering trial counsel's affirmative defense of involuntary intoxication.

Appellant also contends that the following comments of his trial counsel during voir dire constitute ineffective assistance by reducing the State's burden of proof at trial:

> Now, I'm not saying—and the State will argue this. I'm not saying that you find beyond a reasonable doubt all the facts that you think you need to prove the case, except there are still controvers[ies] on whether the person that you are examining was wearing a green shirt or red shirt. That's not the kind of thing I'm thinking, you know, I really should use notes more; I should do this earlier in the afternoon, one of the two.

The record reflects that counsel subsequently clarified his comments to the venire panel, stating that, "[t]he standard of beyond a reasonable doubt is a higher standard than the standard of clear and convincing evidence," and later, " . . . I don't want to put reasonable doubt in terms of a percentage, whether it's one hundred or what, because nothing in the world is perfect. I'm just saying it's a very high standard compared to standards in other courts."

6

This record comes to us on direct appeal without direct evidence of the reasons trial counsel had for failing to object to the trial court's comments during voir dire or for trial counsel's comments about the State's burden of proof. Therefore, the record must demonstrate that no reasonable trial strategy could justify counsel's conduct for there to be ineffective assistance of counsel. *See Lopez*, 343 S.W.3d at 143. Trial counsel's failure to object to the trial court's comments during voir dire could have been part of a reasonable trial strategy. *See Thomas v. State*, 886 S.W.2d 388, 392 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (determining that trial counsel's failure to object to hearsay testimony constituted a plausible trial strategy designed to persuade the jury with his appearance of candor and confidence that the evidence was not harmful). Likewise, trial counsel's statements during voir dire could have been part of a reasonable trial strategy. *Id*. Therefore, we conclude the record is insufficient to show that counsel's conduct in either regard constitutes ineffective assistance of counsel. *See Lopez*, 343 S.W.3d at 143.

Even if direct evidence of trial counsel's reasons appeared in the record, we would nonetheless conclude that appellant has not met the second prong for establishing ineffective assistance of counsel. Absent evidence to the contrary, a jury is presumed to follow the instructions in the court's charge. *McCook v. State*, 402 S.W.3d 47, 53 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Appellant does not challenge the jury charge, which instructs the jury on the beyond-a-reasonable-doubt burden of proof. Thus, appellant has not demonstrated a reasonable probability that, absent his deficient performance, the outcome of the trial would have been different. *See Lopez*, 343 S.W.3d at 142.

## C. Trial Counsel's Closing Argument

At closing argument, trial counsel told the jury that "something changed in

7

[appellant's] behavior. I don't know exactly what that might have been, but you heard testimony from at least one witness that he was the person who robbed the bank on February 19, 2011, after he had somehow lost a job at Beck & Masten and was not working at a car dealership anymore." He further argued that "[all] of these robberies that have been put before you occurred in a one-month period, between November 10 and February 19, two months out of a lifetime of Albert Thompson. Two months when something was changed in his life very dramatic." Appellant now argues that his trial counsel's closing argument admitted his guilt and rendered ineffective assistance.

In the context of closing argument, deference to trial counsel's decisions is particularly important because of the broad range of legitimate defense strategy at that stage. *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003). For example, courts have recognized that an admission of guilt during closing argument may be a reasonable trial strategy. *See Hathorn v. State*, 848 S.W.2d 101, 118 (Tex. Crim. App. 1992); *Belton v. State*, 900 S.W.2d 886, 901 (Tex. App.—El Paso 1995, pet. ref'd); *Jordan v. State*, 859 S.W.2d 418, 422 (Tex. App.—Houston [1st Dist.] 1993, no pet.). Trial counsel's argument in this case could have been part of a reasonable trial strategy to appear open and honest to the jury in an attempt to gain sympathy or to mitigate punishment. *See Thompson*, 915 S.W.2d at 902–04; *Turner v. State*, 932 S.W.2d 622, 626 (Tex. App.—Houston [14th Dist.] 1996, no pet.). We conclude that a reasonable trial strategy could justify trial counsel's argument; therefore, the record is insufficient to show that counsel's conduct in closing argument constitutes ineffective assistance of counsel. *See Lopez*, 343 S.W.3d at 143; *Thompson*, 915 S.W.2d at 902–04; *Turner*, 932 S.W.2d at 626.

Having concluded that appellant fails to establish both elements of a successful ineffective assistance claim with respect to any of the above instances of

trial counsel's conduct, we overrule appellant's first issue. *Id.*

## II.     Trial Court's Assessment of Costs

In his second issue, appellant contends the court costs stated by the judgment are not supported by sufficient evidence. As part of its judgment, the trial court assessed costs of $244 to be paid by appellant. The original clerk's record contained a computer screen printout from the Harris County Justice Information Management System (JIMS) which reflected the assessment of $244 in court costs. About two months after the trial court's judgment, the JIMS printout was signed by a deputy clerk and stamped with the seal of the Harris County District Clerk, certifying the printout as a true and correct copy of the original. About one month after appellant filed his brief in this case, the district clerk filed a supplemental clerk's record containing a "Criminal Bill of Cost," which has the same information about court costs as the JIMS printout. Appellant objects to the JIMS computer screen printout and the supplemental "Criminal Bill of Cost," asserting there is no evidence to support that they were part of the original record before the trial court, and, therefore, they are no evidence to support the imposition of court costs.

The Court of Criminal Appeals recently rejected appellant's argument, determining that, for the trial court to properly order a criminal defendant to pay a specific amount of costs, there need not have been evidence in the record before the trial court at the time of its judgment that supports the assessment of this amount of court costs. *See Johnson v. State*, 423 S.W.3d 385, 390, 392–94 (Tex. Crim. App. 2014). Because court costs are not part of the defendant's guilt or sentence and need not be proven at trial, courts should review the assessment of costs to determine if there is a basis for the costs, not to determine if there is

sufficient evidence to support the assessment of costs. *See id.* at 389–90. The Court of Criminal Appeals also held that a JIMS printout substantially similar to the printout in the original clerk's record in this case was a proper bill of costs that supported the trial court's assessment of costs. *See id.* at 392–94. Under the *Johnson* precedent, either the JIMS printout or the Criminal Bill of Cost provides a sufficient basis for the trial court's assessment of court costs. *See id.* at 392–96. Absent a challenge to a specific cost or the basis for the assessment of that cost, a bill of costs is sufficient. *See id.* at 396.

Appellant further urges that his constitutional right to due process has been violated if he is deprived of an opportunity to be heard in the trial court regarding the propriety of these costs. This argument lacks merit under precedent from the Criminal Court of Appeals. *See Cardenas v. State*, 423 S.W.3d 396, 398–99 (Tex. Crim. App. 2014); *Johnson*, 423 S.W.3d at 391–92. Criminal defendants have constructive notice of the mandatory-cost statutes. *Cardenas*, 423 S.W.3d at 398–99. The procedures outlined in *Johnson* provide defendants with notice and an opportunity to be heard because: (1) appellants do not have to preserve error in the trial court; (2) appellants may challenge the assessment of court costs on direct appeal; and (3) appellants may also challenge the assessment of court costs by a motion under article 103.008. *See* Tex. Code Crim. Proc. art. 103.008; *Cardenas*, 423 S.W.3d at 399; *Johnson*, 423 S.W.3d at 391–92. Thus, appellant's due process right has been satisfied with respect to notice and an opportunity to be heard regarding the assessment of court costs. *See Cardenas*, 423 S.W.3d at 399; *Johnson*, 423 S.W.3d at 391–92.

We overrule appellant's second issue.

**CONCLUSION**

Having overruled appellant's two issues, we affirm the trial court's judgment.


/s/     Ken Wise
Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).