148-15

No. 14-13-00630-CR

ORIGINAL

IN THE
COURT OF APPEALS FOR
THE FOURTEENTH DISTRICT OF TEXAS
AT HOUSTON

LASH ADARRIN SCOTT

APPELLANT

V.

THE STATE OF TEXAS

APPELLEE

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 23 2015
Abel Acosta, Clerk

APPEAL IN CAUSE NO. 1371641
IN THE 183rd DISTRICT COURT
OF HARRIS COUNTY, TEXAS

LASH ADARRIN SCOTT
TDC # 1863733 9
GARZA EAST UNIT
4304 HWY 202
BEEVILLE, TX 78102

PRO SE

FILED IN
COURT OF CRIMINAL APPEALS
MAR 23 2015
Abel Acosta, Clerk

1

# STATEMENT REGARDING DISCRETIONARY REVIEW

ON THIS DAY, 2-10-2015, THIS COURT HAS GRANTED THE APPELLANTS PRO SE MOTION FOR AN EXTENSION OF THE TIME IN WHICH TO FILE THE PETITION FOR DISCRETIONARY REVIEW. THE TIME TO FILE THE PETITION HAS BEEN EXTENDED TO MONDAY, MARCH 23, 2015.

PETITIONER IN HIS MOST LAYMEN ATTEMPT IS FILING THE DISCRETIONERY REVIEW PRO. SE.

AND PETITIONER PRAYS THE APPEALS GRANT "MOTION" PETITION FOR DISCRETIONARY REVIEW.

To The Honorable Court of Appeals:

## PRELIMINARY Statement

Appellant was charged by Indictment with Intent to Deliver a Controlled Substance. Petitioner plead "Not Guilty" to the Indictment and The Case Proceeded to Trial before The Court. Following The Trial The Judge found Petitioner "Guilty." The Case Then Proceeded To the Punishment Phase and The Jury Assessed Punishment At 25 Years Confinement In The Institutional Division, TDCJ.

It Is from This Conviction That He Appeals As An Indigent Petitioner Timely filed Petition for Discretionary Review.

# STATEMENT OF FACTS

On Dec. 19, 2012, Sergeant Haney was in an unmarked patrol vehicle investigating drug dealing activity near 2700 block of Womberr. There were multiple complaints from police and citizens. Sergeant Haney saw Petitioner standing on the sidewalk with a black female on a bicycle. The female was said to be holding her hands out with some money in her hands.

The officers pulled up to the Petitioner and jumped out of their van. They stopped their vehicle about 30 feet from Petitioner. Officers quickly exited the van. Sergeant Haney made eye contact with Petitioner. Appellant/Petitioner moved his right hand to his waistband.

The officers ordered Petitioner to show his hands. Officer Delasbour took Petitioner down and began patting down the area around Petitioner waistband. Officer Delasbour discovered a baggie containing what appeared to be several rocks of crack cocaine. Sergeant Haney then retrieved the baggie. The baggie appeared to contain about 33 rocks. The rocks field tested positive for cocaine.

4

# Point of Error One

Petitioner was denied effective assistance of Counsel due to trial Counsel's failure to move to suppress inadmissible evidence.

Petitioner Contends that he was denied effective assistance of Counsel due to failure of defense Counsel to object to the States Introduction of Inadmissible Evidence. furthermore, the Presentation of such evidence to the Court, without objection, served to deny Petitioner his right to a fair trial. Although the state Introduced damaging, Inadmissible Evidence during the trial, defense counsel failed to make an objection or more for exclusion of the evidence when Properly Required.

Effective Assistance Demand active Participation of Counsel

The right to Assistance of Counsel Is Guaranteed by the sixth amendment to the United states Constitution. U.S. Const. Amend VI. Consequently, It has been Recognized that the right to Counsel Serves to Protect A Criminal Defendants fundamental right to a fair Trial.

Records will show the Ineffective assistance of Counsel In the Petitioners Appllate ~~brief~~ Brief.

5

# Point two of ERROR

The Trial Court mistakenly entered a Judgment that Petitioner Plead "Guilty" to the Indictment.

The Judgment entered on June 24, 2013 states that Petitioners Plea to the Indictments was "Guilty." However It Is clear, from the Record Taken At the trial that the Petitioner Plead "not Guilty" prior to his Trial by The Court and therefore The entry Made in the Judgment Is In ERROR.

An Appellate Court has Authority to Reform a Judgment To Include an Affirmative ~~finding~~ finding to make the Record Speak The Truth when the matter has been Called to Its Attention.

The Authority of the Appellate Courts to Reform Judgment Is not limited to those situations Involving mistakes of a clerical nature.

It Is therefore Respectfully Requested that this Court order this Discretionary Review Proceedings As Indicated by Statement of facts.

6

## Conclusion and Prayer for Relief

It Is respectfully submitted that A Petitioner's Conviction should be Reviewed + Reversed and the Case Be Remanded to the trial Court, for A New Trial. It Is also respectfully Requested That the Judgment be Reformed to Correct The Error Regarding Petitioner's Discretionary Review.

Respectfully Submitted,

*Lash Scott*

Pro. SE Lash Adarem Scott,
#TDCJ 1867339
Garza East Unit
4304 Hwy 202
Beeville, TX. 78102

7

# Certificate of Service

This is to certify that a true and correct copy of the above petition for Discretionary Review has been delivered to the Court of Criminal Appeals Clerk Abel Acosta on this 19, day of March 2015.

Cash Adarem Scott
Pro, Se,

8

**Affirmed as Reformed and Memorandum Opinion filed December 23, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00630-CR

---

### LASH ADARRIN SCOTT, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 1371641**

---

## MEMORANDUM OPINION

In two issues, appellant Lash Adarrin Scott appeals his conviction for possession with intent to deliver a controlled substance, a first-degree felony. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.112(a) (West 2010). The first issue is whether appellant's trial counsel provided the effective assistance required by the Sixth Amendment. Because the record contains no evidence rebutting the presumption that trial counsel's performance fell within the wide

range of reasonably professional assistance, we overrule appellant's first issue. The second issue is whether this court can modify the trial court's judgment. Because the judgment incorrectly states that appellant pleaded "guilty" to the charged offense, we sustain appellant's second issue.

Accordingly, we reform the judgment to correctly reflect appellant's plea of "not guilty" and affirm the judgment as reformed.

## I. FACTS AND PROCEDURAL BACKGROUND

On December 19, 2012, in response to complaints from a concerned citizen regarding possible narcotics transactions occurring on the 2700 block of Winbern Street in Houston, Harris County, Texas, officers from the Houston Police Department initiated a "jump-out" operation. Sergeant Haney, Officer Weiner, Officer Matson, Officer Delasbour, Officer Penrod, and Officer Amador were part of the operation. Sergeant Haney testified that he and the other officers drove to the location in question to reconnoiter the area. Sergeant Haney and Officer Matson observed appellant meeting with a black female. Sergeant Haney testified that the female had money in her hand and appellant was in the process of exchanging something for the money. At that point, the officers drove their van towards appellant and the female, stopped approximately thirty feet from appellant and the female, and jumped out of the vehicle.

The officers ordered appellant to show his hands. Appellant did not comply. Believing that appellant might be armed, the officers ordered appellant and the female to lie on the ground. Officer Delasbour secured appellant and conducted a pat-down search. During the pat-down search of appellant, Officer Delasbour found a baggy that appeared to contain approximately 33 rocks of crack cocaine. Officer Penrod field-tested the contents of the baggy. The contents tested positive for cocaine.

2

Appellant was indicted for felony possession with intent to deliver a controlled substance. The indictment alleged two prior convictions. On June 27, 2013, the day of trial, appellant's trial counsel filed a motion to suppress the cocaine on the grounds that the seizure and arrest violated appellant's constitutional rights. The trial court did not hold a separate hearing or explicitly rule on the motion to suppress. On the day of trial, appellant also signed a stipulation of evidence, in which he stated:

> I, the Defendant in the above entitled and numbered cause, in open court, agree to stipulate the evidence in this case and I waive the appearance, confrontation, and cross-examination of witnesses. I consent to the oral stipulation of evidence and to the introduction of affidavits, written statements of witnesses and other documentary evidence. I waive my right against self-incrimination and confess the following facts:
>
> 1. The controlled substance that is marked State's Exhibit number 1 is, in fact, cocaine and is a controlled substance. That same State's Exhibit is the same controlled substance that I was in possession of on December 19, 2012 in Harris County, Texas.
>
> 2. The controlled substance that is marked as State's Exhibit number 1 is weighs [sic] more than 4 grams and less than 200 grams by aggregate weight, including any adulterants and dilutants.
>
> 3. The Laboratory Report that is marked as State's Exhibit number 2 is a correct analysis of the controlled substance and all of the methods of testing were done accurately and correctly.

Appellant pleaded "not guilty" to the charged offense. Appellant pleaded "true" to the two prior offenses.

The case was tried to the court. During trial, the State introduced as Exhibit Number 1 the crack cocaine that was discovered during the pat-down search of appellant. Appellant's counsel did not object to the admission of this evidence. In closing argument for the guilt-innocence phase of the trial, defense counsel argued that the cocaine was seized in violation of appellant's Fourth Amendment rights.

3

The trial court ultimately found appellant guilty of the charged offense. Appellant was sentenced to twenty-five years in the Institutional Division of the Texas Department of Corrections. Appellant timely appealed.

## II.   DISCUSSION

### A.   Appellant did not meet his burden to overcome the strong presumption that trial counsel's performance fell within a wide range of reasonably professional assistance.

In his first issue, appellant contends that he received ineffective assistance of counsel because his trial counsel did not object to the admission of the crack cocaine found by the police during the pat-down search.

The Constitution guarantees effective assistance of counsel. *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013). To prevail on a claim of ineffective assistance of counsel, a defendant "must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense." *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Under the first prong, a defendant must prove by a preponderance of the evidence that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id.* Under the second prong, a defendant must show that there is a reasonable probability that, but for the counsel's deficient performance, the result of the proceeding would have been different. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id.*

Our review of the reasonableness of trial counsel's conduct is highly deferential. *Id.* at 101. We view trial counsel's conduct in context and indulge a strong presumption that trial counsel's performance fell within a wide range of

4

reasonably professional assistance. *Lopez*, 343 S.W.3d at 142; *Andrews*, 159 S.W.3d at 101. "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Lopez* , 343 S.W.3d at 142–43. Rather, "allegations of ineffectiveness must be based on the record, and the presumption of a sound trial strategy cannot be overcome absent evidence in the record of the attorney's reasons for his conduct." *Ex parte Niswanger*, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011). When the record is silent on trial counsel's reasons for failing to take the action identified by appellant, as it is here, we can only hold counsel's performance deficient if the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). When direct evidence demonstrating trial counsel's deficiency is not available, we must assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Lopez*, 343 S.W.3d at 143; *see McCook v. State*, 402 S.W.3d 47, 52 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). The kind of record necessary for a defendant to meet his or her burden to rebut the presumption is best developed in a hearing on an application for a writ of habeas corpus or a motion for new trial. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *Perez v. State*, 56 S.W.3d 727, 731 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

In this case, appellant did not file a motion for new trial, and the trial record is silent as to why trial counsel did not object to the admission of the drug evidence. Appellant signed a stipulation of evidence that was admitted at trial prior to the admission of the actual cocaine. Therefore, it is possible that appellant's trial counsel may have reasonably decided, in this bench trial, to attack the pat-down search of appellant on Fourth Amendment grounds rather than generally

5

challenging the admissibility of the cocaine. Counsel did not object to the admission of the cocaine but did assert in final argument that the cocaine was unlawfully seized in violation of the Fourth Amendment. Only further inquiry would provide the information necessary to properly determine whether counsel provided the effective assistance envisioned under the Sixth Amendment. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Appellant has failed to rebut the presumption that trial counsel's actions resulted from a reasonable decision and has therefore failed to meet his burden on the first prong of *Strickland*. *See Aldaba v. State*, 382 S.W.3d 424, 434 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). As a result, we need not consider whether appellant met his burden with respect to the second prong of *Strickland*. *See Ex parte Martinez*, 330 S.W.3d 891, 904 (Tex. Crim. App. 2011) (declining to analyze first prong of *Strickland* when applicant's claim failed under second prong).

We overrule appellant's first issue.

## B. Modification of the trial court's judgment is appropriate because the judgment incorrectly states that appellant pleaded guilty to the charged offense.

In his second issue, appellant contends the trial court's written judgment of conviction erroneously states that he pleaded guilty to the charged offense. The State concedes that the judgment is incorrect in this regard.

"An appellate court has the power to correct and reform the trial court's judgment to make the record speak the truth when it has the necessary data and information to do so." *Peyronel v. State*, — S.W.3d —, —, No. 01-13-00198-CR, 2014 WL 4109589, at *7 (Tex. App.—Houston [1st Dist.] Aug. 21, 2014, pet. granted); *see* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex.

6

Crim. App. 1993). Here, during his arraignment, appellant pleaded "not guilty" to the charged offense. The trial court's judgment, however, states that appellant pleaded "guilty."

We therefore sustain appellant's second issue and reform the trial court's judgment to reflect that appellant pleaded "not guilty" to the charged offense.

## III.   CONCLUSION

We affirm the trial court's judgment as reformed.


/s/    Marc W. Brown
        Justice


Panel consists of Justices McCally, Brown, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).