**Opinion filed July 27, 2023**



# In The

# Eletenth Court of Appeals

_____

## No. 11-21-00250-CR

_____

### EUSTOLIO ENCINIA JR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR54902**

## M E M O R A N D U M   O P I N I O N

The State charged Appellant, Eustolio Encinia Jr, by indictment with one count of intoxication assault with a deadly weapon and one count of felony driving while intoxicated, third-degree felonies. *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.07(a)(1), (c), 49.09(b)(2) (West 2011 & Supp. 2022). Appellant waived his right to a jury trial and entered an open plea of guilty to both counts. Appellant elected to

have the trial court assess his punishment. The trial court found Appellant guilty of both counts and assessed Appellant's punishment at confinement for a term of ten years on each count in the Institutional Division of the Texas Department of Criminal Justice, with the two sentences to run concurrently. The trial court additionally assessed a $5,000 fine for each count and ordered that Appellant pay restitution in the amount of $383,987.14 in Count One. *See* PENAL § 12.34(b) (West 2019); TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2022). Appellant presents two issues on appeal that focus on the trial court's decision not to order the preparation of a presentence investigation (PSI) report. We affirm.

*Background Facts*

Appellant was traveling southbound in a gray Chevrolet Silverado on Loop 250 in Midland at night. At some point, Appellant drove over the median and into the northbound lanes and oncoming traffic. Appellant first hit an eighteen-wheeler, causing damage to its front tire, back wheel rim, and diesel tank. Appellant continued driving the wrong way on Loop 250 after hitting the eighteen-wheeler and caused a head-on collision with a red, single-cab pickup. Because of the collision, the red pickup had its dashboard "caved in," its seats shifted, fluid leaking from the engine block that had been crushed into the cab of the pickup, and a missing windshield.[1] The driver of the red pickup was severely injured and had to be extracted by the fire department.

The driver of the eighteen-wheeler that Appellant hit remained on the scene after the crash and noticed that Appellant was "standing up, just a little wobbly" and seemed "out of it." Officer Gage Smith with the Midland Police Department testified that Appellant was uncooperative, smelled strongly of alcohol, and seemed

---

[1] It is unclear whether the windshield had been removed by the fire department or damaged in the crash.

confused as to what had occurred. Officer Tyler Weston testified that Appellant told him that he was not driving and that another person was in his (empty) Chevrolet Silverado. Officer Weston observed that Appellant was "swaying" and had bloodshot eyes. Appellant was arrested, and his subsequent blood draw measured a blood alcohol content of .229.

During the open plea, several of Appellant's family members and friends testified about Appellant's positive family relationships, Appellant's leadership roles at work, and their belief that he will successfully complete probation if granted by the trial court. During his testimony, Appellant admitted his guilt and accepted responsibility for the accident he caused, stated that he had successfully completed community supervision following each of his two prior convictions for driving while intoxicated, and stated that he had a support system in place. Appellant's trial counsel advocated in closing argument for the trial court to grant Appellant community supervision.

Prior to sentencing, the trial court announced that it would not order a PSI. In that regard, the trial court stated, "The Court has the option, sir, to order a presentence investigation. And I'm -- it's within my discretion not to do so, and I'm not going to order that." Appellant did not object to the trial court's decision to not order a PSI. The trial court additionally stated as follows to Appellant prior to sentencing:

> When you told your lawyer "I was successful in getting through those probations and I know I can do this one," or whatever you said to him, something about that, you missed the point.
>
> You didn't get through any of these probations successfully, because the reason for probation is to learn the lesson and not ever do it again. And the problem is that you have not gotten through your probations successfully.

You may have gotten through that probation for the first DWI, you may have gotten through that successfully because you didn't get revoked or you didn't go to jail. Same thing for the second. But the continued behavior at your age means that you learned nothing from probation.

The trial court found Appellant guilty of intoxication assault and felony driving while intoxicated, sentenced Appellant to confinement for a term of ten years for each offense, assessed a total fine of $10,000, and ordered that Appellant pay restitution to the driver of the red pickup and to the Crime Victim's Compensation Program.

*Analysis*

In his first issue, Appellant contends that the trial court erred by failing to order a PSI. Appellant asserts that Article 42A.252 of the Texas Code of Criminal Procedure required the trial court to direct a supervision officer to complete a PSI prior to the trial court's imposition of Appellant's sentence. *See* CRIM. PROC. art. 42A.252 (West 2018). Appellant contends that the trial court was unable to "meaningfully consider the full range of punishment" without consulting a PSI that, if done, would have included a proposed supervision plan and a psychological evaluation of Appellant. *See* CRIM. PROC. art. 42A.253(a)(4), (6).

The State asserts that Appellant waived his statutory right to a PSI by inaction because he did not request that a PSI be completed, nor did he object to the trial court's decision not to order a PSI. Generally, to preserve a complaint for appellate review, a party must make a contemporaneous objection in the trial court. *See Burg v. State*, 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020) (citing TEX. R. APP. P. 33.1(a)(1)). As noted by the Texas Court of Criminal Appeals, there are two general policies for requiring specific objections: "First, a specific objection is required to inform the trial judge of the basis of the objection and afford him the

4

opportunity to rule on it. Second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony." *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). "[O]bjections promote the prevention and correction of errors. When valid objections are timely made and sustained, the parties may have a lawful trial. They, and the judicial system, are not burdened by appeal and retrial. When a party is excused from the requirement of objecting, the results are the opposite." *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002).

Appellant asserts that the right to a PSI is a "waivable-only" right and that the trial court's erroneous decision not to order a PSI without an express waiver by Appellant should be evaluated for harm. *See Marin v. State*, 851 S.W.2d 275, 278–79 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). A waivable-only right is one that the trial court has an independent duty to implement unless the record reflects that it has been "'plainly, freely, and intelligently' waived at trial." *Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017) (quoting *Marin*, 851 S.W.2d at 280). Examples of waivable-only rights are the right to the assistance of counsel and the right to a trial by jury. *Saldano*, 70 S.W.3d at 888.

Several courts of appeals have held that the statutory right to a PSI is not a waivable-only right and "generally is forfeited when a party fails to request a PSI if none was prepared." *Nguyen v. State*, 222 S.W.3d 537, 541 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (citing *Summers v. State*, 942 S.W.2d 695, 696–97 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *Holloman v. State*, 942 S.W.2d 773, 776 (Tex. App.—Beaumont 1997, no pet.); *Wright v. State*, 873 S.W.2d 77, 83 (Tex. App.—Dallas 1994, pet. ref'd)); *see also Herrera v. State*, 599 S.W.3d 64, 68 (Tex. App.—Dallas 2020, no pet.) (collecting cases indicating "that a defendant's rights

5

involving a PSI are Category 3 rights under *Marin*, which may be forfeited by inaction"); *Bates v. State*, No. 02-20-00114-CR, 2021 WL 1229962, at *2 (Tex. App.—Fort Worth Apr. 1, 2021, no pet.) (mem. op., not designated for publication) (citing *Jiminez v. State*, 446 S.W.3d 544, 551 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Smith v. State*, 91 S.W.3d 407, 409 (Tex. App.—Texarkana 2002, no pet.)). We join in the holdings of our sister courts and conclude that a defendant waives his statutory right to a PSI when he makes no objection to the lack thereof. *See Hamilton v. State*, No. 01-19-00696-CR, 2020 WL 4516875, at *2 (Tex. App.—Houston [1st Dist.] Aug. 6, 2020, no pet.) (mem. op., not designated for publication) ("[E]ven in felony cases, a defendant may forfeit the right to have a trial court order preparation of a PSI report by inaction") (citing *Griffith v. State*, 166 S.W.3d 261, 263 (Tex. Crim. App. 2005)). Accordingly, we conclude that Appellant waived his statutory right to a PSI because he did not request that one be completed. As a result, because Appellant did not object to the trial court's decision to forego a PSI, Appellant failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a)(1); *Burg*, 592 S.W.3d at 448–49. Appellant's first issue is overruled.

In his second issue, Appellant asserts that his trial counsel was ineffective for failing to either object to the trial court's decision not to order a PSI or request that the trial court review a PSI before Appellant's sentencing. Appellant asserts that his "sole defense objective" was to receive community supervision, but the trial court's inability to consult a PSI when sentencing Appellant prevented the trial court from considering the full range of punishment.

To establish that trial counsel rendered ineffective assistance at trial, Appellant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result would have been different but for counsel's errors. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.

6

Crim. App. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 694. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action could be considered sound trial strategy. *Id.* at 689.

A claim of ineffective assistance of counsel "must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Direct appeal is usually an inadequate vehicle to raise such a claim because the record is generally undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Direct appeal is especially inadequate when counsel's strategy does not appear in the record. *Id.* Trial counsel should ordinarily have an opportunity to explain his actions before an appellate court denounces counsel's actions as ineffective. *Id.* Without this opportunity, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim App. 2001)).

Here, Appellant did not file a motion for new trial alleging that trial counsel was ineffective or otherwise develop a record in the trial court to substantiate his claims.[2] *See Freeman v. State*, 125 S.W.3d 505, 506–507 (Tex. Crim. App. 2003) (citing *Thompson*, 9 S.W.3d at 815). Thus, trial counsel has not had an opportunity to explain or defend his trial strategy in response to the matters that Appellant contends were deficient. *See Thompson*, 9 S.W.3d at 814 (the first prong of

---

[2]Appellant's counsel on appeal filed a motion for new trial asserting only that "the verdict rendered in this cause is contrary to the law and to the evidence."

*Strickland* test was not satisfied where "the record provide[d] no reference to explain why counsel chose not to object[] or failed to object."); *West v. State*, 474 S.W.3d 785, 790 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) ("Ordinarily, trial counsel should be afforded an opportunity to explain his or her actions, and in the absence of such opportunity, an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it."); *see also McCook v. State*, 402 S.W.3d 47, 52 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (without a sufficient record, it is unclear whether, as trial strategy, "counsel may have allowed the testimony in an effort to make [Appellant] appear more honest and truthful, to avoid drawing unwanted attention to the impeachment, or to prevent the impression that he was . . . stonewalling evidence.").

A claim of ineffective assistance of counsel "must be firmly founded in the record." *Thompson*, 9 S.W.3d at 814. "Under *Thompson*, a claim of ineffective representation must be supported by a record containing direct evidence as to *why* counsel took the action(s) or made the omission(s) relied upon as the basis for constitutionally deficient performance." George E. Dix & John M. Schmolesky, 42 *Texas Practice: Criminal Practice and Procedure* § 29:76 (3d ed. 2022) (Effective Representation—Need to establish actual basis for challenged decisions of counsel) (emphasis in original).

Appellant asserts that there was no reasonable trial strategy in his trial counsel's failure to request a PSI or object to the lack of a PSI because the trial court was unable to meaningfully consider the option of granting community supervision. In this regard, Appellant asserts that his case is comparable to *Villa v. State*, where the Court of Criminal Appeals held that trial counsel was ineffective because there

was "no imaginable strategic motivation" for trial counsel's failure to request a defensive instruction on the only defense raised by the evidence at trial. *See Villa v. State*, 417 S.W.3d 455, 463–64 (Tex. Crim. App. 2013). This comparison is unpersuasive because *Villa* is readily distinguishable from the case before us. *Villa* addressed trial counsel's failure to request a jury instruction that could have allowed a jury to find the appellant not guilty of the charged offense of aggravated sexual assault. 417 S.W.3d at 463–64. Here, Appellant is asserting that his trial counsel was ineffective for failing to request a PSI *after* Appellant pleaded guilty as charged by indictment because the trial court did not have a proposed supervision plan or psychological evaluation before it when sentencing Appellant.

The State contends trial counsel's strategy was "throwing [Appellant] to the mercy of the trial court" and presenting "as much favorable evidence as he could before the trial court." In this regard, Appellant's trial counsel called five witnesses, including Appellant, to testify about Appellant's ability to successfully complete a term of community supervision. Thus, the record before us does not demonstrate that trial counsel's challenged conduct was "so outrageous that no competent attorney would have engaged in it" with respect to his efforts to obtain a probated sentence for Appellant. *See Goodspeed*, 187 S.W.3d at 392.

Furthermore, the record does not show what information would have been revealed in the PSI, any proposed supervision plan, or a psychological evaluation of Appellant. In the absence of this information, Appellant has not shown that the result of his case would have been different but for trial counsel's actions and inactions. *See Cain v. State*, 525 S.W.3d 728, 733 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). As noted previously, the trial court based its decision to not assess a probated sentence in this case on Appellant's failure to "learn [his] lesson" from his two prior

probations.  Accordingly, Appellant has not satisfied either prong of his ineffective assistance claim.  We overrule Appellant's second issue.

## *This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

July 27, 2023

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.